UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
CHRISTOPHER EARL STRUNK,           )
                                   )
            Plaintiff,             )
                                   )
v.                                 )      Civil Action No. 09-1249 (RJL)
                                   )
NEW YORK PROVINCE OF THE           )
SOCIETY OF JESUS, *et al.*,        )
                                   )
            Defendants.            )
_____)

## FEDERAL DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendants United States Department of State, Hillary Rodham Clinton, Secretary of the United States Department of State, United States Department of Homeland Security, Janet Napolitano, Secretary of the United States Department of Homeland Security, Federal Bureau of Investigation, Robert Mueller, Director of the Federal Bureau of Investigation ("Federal Defendants"), respectfully move this Court to dismiss the complaint filed by Plaintiff Christopher Earl Strunk ("Plaintiff") pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of this motion and opposition, Federal Defendants respectfully refer the Court to the accompanying Memorandum of Points and Authorities. *Pro se* Plaintiff is advised that if he fails to respond to this motion, the Court may grant this motion and dismiss his case because of the failure to respond. *See Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988). A proposed order consistent with this motion is attached hereto.

                            Respectfully submitted,

                            _____
                            CHANNING D. PHILLIPS, D.C. Bar # 415793
                            Acting United States Attorney

1

   /s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

   /s/
WYNNE P. KELLY
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 305-7107
wynne.kelly@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHRISTOPHER EARL STRUNK, )
)
　　　　　　　Plaintiff, )
)
vi. ) Civil Action No. 09-1249 (RJL)
)
NEW YORK PROVINCE OF THE )
SOCIETY OF JESUS, *et al.*, )
)
　　　　　　　Defendants. )

# MEMORANDUM OF POINTS AND AUTHORITIES
# IN SUPPORT OF FEDERAL DEFENDANTS'
# MOTION TO DISMISS THE COMPLAINT

Plaintiff Christopher Earl Strunk ("Plaintiff" or "Strunk") has filed two (2) related complaints in this Court, both of which are frivolous and without merit. Each case, to the extent that the complaints can be understood, takes issue with the federal government's conducting of the national census and alleges a grand conspiracy in which the Society of Jesus, a religious order of the Roman Catholic Church, controls the nation (if not the world). Both of Plaintiff's complaints warrant dismissal as a matter of law.[1]

## I.　　BACKGROUND

In this case, Plaintiff seems to assert that United States Department of State, Hillary Rodham Clinton, Secretary of the United States Department of State, United States Department of Homeland Security, Janet Napolitano, Secretary of the United States Department of Homeland Security, Federal Bureau of Investigation, Robert Mueller, Director of the Federal Bureau of Investigation ("Federal Defendants") are part of some sort of conspiracy to pledge allegiance

---

[1] As Plaintiff's complaint and the allegations therein are frivolous and Plaintiff lacks standing, Plaintiff's motion for a three judge panel should not be referred to the Chief Judge of the United States District Court for the District of Columbia for review.

and/or declare fealty to Vatican City and the Roman Catholic Church. (Compl. at 1-6.) Plaintiff appears to allege that this conspiracy violates the conduct criminalized by the Logan Act, 18 U.S.C. § 953 (*Id.* at 6.) Plaintiff states that the Roman Catholic Church is a cult "intent on worldwide temporal power" and "from 1922 onward, The Black Pope used the worldwide Versailles Treaty to exterminate all heretics and non-believers whose collective sacrifice by fire invented the Spiritual Occult death apparatus in the form of a huge pentagram machine . . . ." (*Id.* at 8, ¶¶ 14-15.) Strunk notes that he has several other cases pending, including *Strunk et al. v. The Federal Reserve Bank of New York et al.*, 07-cv-1171 (E.D.N.Y.), *Strunk v. CIA et al.*, 08-cv-1196 (E.D.N.Y.), *Strunk v. USPS et al.*, 08-cv-1744 (E.D.N.Y.), *Strunk v. NYS DOS et al.*, 08-cv-4289 (E.D.N.Y.), and, in this Court, *Strunk v. U.S. Dep't of Commerce, Bureau of Census et al.*, 09-1295 (RBW) (D.D.C.) and *Strunk v. U.S. Dep't of State*, 08-2234 (RBW) (D.D.C.) in which Plaintiff has filed a motion for the Court to recuse itself. (*Id.* at 9, ¶ 20.) Plaintiff's claims directed towards the Federal Defendants are: Count Three, in which Plaintiff alleges that the Federal Defendants have violated the Logan Act by failing to force Catholics to register as foreign agents; Count Four, in which Plaintiff states that the U.S. Department of State failed to prevent genocide perpetuated by Roman Catholics (particularly Jesuits); Count Five, in which Plaintiff alleges further violation of the Logan Act for failure to register the foreign agents who are inciting and waging a "spiritual war" against Plaintiff. (*See id.* at 20-24.) As Plaintiff's claims are utterly devoid of factual bases and fail to state a claim upon which relief could be granted, the complaint should be dismissed.

## II. LEGAL STANDARD

Under Rule 8(a) of the Federal Rules of Civil Procedure, a complaint must contain "(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has

2

jurisdiction and the claim needs no new jurisdictional support; [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." It is well established that even *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Banks v. Gonzales*, 496 F. Supp. 2d 146, 149 (D.D.C. 2007) (citing *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987)).

   1. *Dismissal Pursuant to Rule 12(b)(1) for Lack of Jurisdiction*

Federal Defendants request dismissal of the complaint pursuant to either Rule 12(b)(1) or Rule 12(b)(6) of the Federal Rules of Civil Procedure. A Rule 12(b)(1) motion to dismiss for lack of jurisdiction may be presented as a facial or factual challenge. "A facial challenge attacks the factual allegations of the complaint that are contained on the face of the complaint, while a factual challenge is addressed to the underlying facts contained in the complaint." *Al-Owhali v. Ashcroft*, 279 F. Supp. 2d 13, 20 (D.D.C. 2003) (internal quotations and citations omitted.) When a defendant makes a facial challenge, the district court must accept the allegations contained in the complaint as true and consider the factual allegations in the light most favorable to the non-moving party. *Erby v. United States*, 424 F. Supp. 2d 180, 182 (D.D.C. 2006). With respect to a factual challenge, the district court may consider materials outside of the pleadings to determine whether it has subject matter jurisdiction over the claims. *Jerome Stevens Pharmacy, Inc. v. FDA*, 402 F.3d 1249, 1253 (D.C. Cir. 2005). The plaintiff bears the responsibility of establishing the factual predicates of jurisdiction by a preponderance of evidence. *Erby*, 424 F. Supp. 2d at 182.

Additionally, and most relevant to this case, ""'[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, . . . wholly insubstantial, [or] obviously frivolous[.]'"" *Riles v.*

*Geithner*, -- F. Supp. 2d --, Civil Action No. 09-0214 (PLF), 2009 WL 1886214, at *2 (D.D.C. July 2, 2009) (quoting *Watson v. United States*, Civil Action No. 09-0268, 2009 WL 377136, at *1 (D.D.C. Feb. 13, 2009) (quoting *Hagans v. Lavine*, 415 U.S. 528, 536-37, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974))) (internal quotation marks and citations omitted). *See also Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89 (1998); *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994). "Thus, such claims must be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure." *Riles*, -- F. Supp. 2d --, 2009 WL 1886214, at *2. "To be dismissed on this ground, the claims in question must 'be flimsier than "doubtful or questionable" - they must be "essentially fictitious."'" *Id.* (quoting *Best*, 39 F.3d at 330 (quoting *Hagans*, 415 U.S. at 536-37))). "Claims that are essentially fictitious include those that allege '*bizarre conspiracy theories*, . . . fantastic government manipulations of [the] will or mind, [or] any sort of supernatural intervention.'" *Id.* (quoting *Best*, 39 F.3d at 330) (emphasis added).

  2. <u>*Dismissal Pursuant to Rule 12(b)(6) for Failure to State a Claim*</u>

In order to survive a Rule 12(b)(6) motion, the plaintiff must present factual allegations that are sufficiently detailed "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In satisfying this requirement that it "state a claim to relief that is plausible on its face," *id.* at 570, a complaint cannot survive a motion to dismiss through only "a formulaic recitation of the elements of a cause of action." *Id.* at 555.

As with facial challenges to subject-matter jurisdiction under Rule 12(b)(1), a district court is required to deem the factual allegations in the complaint as true and consider those allegations in the light most favorable to the non-moving party when evaluating a motion to dismiss under Rule 12(b)(6). *Trudeau v. FTC*, 456 F.3d 178, 193 (D.C. Cir. 2006). But where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of

4

the line between possibility and plausibility of entitlement to relief." *Twombly*, 550 U.S. at 557. Accordingly, a "court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

III. ARGUMENT

A. This Court Lacks Jurisdiction Over Plaintiff's Conspiratorial Claims

Plaintiff's complaint is exactly the type of pleading contemplated by the D.C. Circuit's holding in *Best v. Kelly*. Plaintiff's bizarre and impossible allegations of intricate conspiracy theories involving the Federal Defendants are not only "essentially fictitious," they are complete fabrications of Plaintiff's mind. *Riles*, -- F. Supp. 2d --, 2009 WL 1886214, at *2. An even cursory review of Plaintiff's complaint demonstrates that this Court lacks jurisdiction over Plaintiff's complaint pursuant to the doctrine of *Best v. Kelly* and its progeny. As this Court lacks subject matter jurisdiction due to Plaintiff's bizarre, fanciful, and fictitious claims, Plaintiff's complaint should be dismissed. *See id.* (citing *Curran v. Holder*, -- F.Supp.2d -- (D.D.C. 2009); *Richards v. Duke University*, 480 F. Supp. 2d 222, 232-34 (D.D.C. 2007); *Roum v. Bush*, 461 F. Supp. 2d 40, 46 (D.D.C.2006); *Bestor v. Lieberman*, Civil Action No. 03-1470, 2005 WL 681460, at *2 (D.D.C. Mar. 11, 2005); *Carone-Ferdinand v. Central Intelligence Agency*, 131 F. Supp. 2d 232, 234-35 (D.D.C. 2001)).

B. Plaintiff Lacks Standing

"'Article III standing is a prerequisite to federal court jurisdiction, and . . . petitioners carry the burden of establishing their standing.'" *Prosser v. Fed. Agri. Mortg. Corp.*, 593 F. Supp. 2d 150, 154 (D.D.C. 2009) (quoting *Am. Library Ass'n v. F.C.C.*, 401 F.3d 489, 493 (D.C.

5

Cir. 2005)). For Plaintiff to satisfy the requirements of constitutional standing, he must demonstrate that he:

> First, must have suffered an injury in fact-an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of-the injury has to be fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Id.* In addition, to establish standing when seeking injunctive relief, Plaintiff must also "allege that [he is] 'likely to suffer future injury.'" *Id.* (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983)).

To the extent Plaintiff is claiming violation of the Logan Act as a right of action, Plaintiff lacks standing. *See ITT World Communications, Inc. v. F.C.C.,* 699 F.2d 1219, 1231 (D.C. Cir. 1983) (describing district court's reasoning that plaintiffs lacked standing under Logan Act as only the U.S. Department of State is aggrieved by violations but finding plaintiffs had standing under Communications Act), *rev'd on other grounds* 466 U.S. 463 (1984). Additionally, to the extent that Plaintiff's requested relief is a writ of mandamus compelling enforcement of the Logan Act, he equally lacks standing.

Issuance of a writ of mandamus is an extraordinary remedy, to be used only under exceptional circumstances and where essential to justice. *See Hanek v. Secretary of HEW*, 535 F.2d 1291, 1296 (D.C. Cir. 1976); *In Re Tripati*, 836 F.2d 1406, 1407 (D.C. Cir. 1988) (citing *Starnes v. McGuire*, 512 F.2d 918, 929 (D.C. Cir. 1974) (en banc)). While a federal district court has authority to issue a writ of mandamus pursuant to 28 U.S.C. § 1361, its issuance is not required; rather, mandamus is issued at the discretion of the Court. *Nat'l Wildlife Fed. v. United States*, 626 F.2d 917, 923 (D.C. Cir. 1980).

Mandamus generally will not issue unless there is a clear right of the plaintiff to the relief sought, a plainly defined and nondiscretionary duty on the part of the defendant to honor that right, and no other adequate remedy, either judicial or administrative, available. *Ganem v. Heckler*, 746 F.2d 844, 852 (D.C. Cir. 1984); *accord Allied Chemical Corporation et al., v. Daiflon, Inc.*, 449 U.S. 333 (1980); *In Re Lane*, 801 F.2d 1040, 1042 (8th Cir. 1986); *Homewood Professional Care Center, Ltd. v. Heckler*, 764 F.2d 1242, 1251 (7th Cir. 1985); *Jones v. Alexander*, 609 F.2d 778 (5th Cir. 1980); *Billiteri v. U.S. Board of Parole*, 541 F.2d 938 (2nd Cir. 1976).

The requirement of a clear duty to act has been interpreted to mean that the duty of the federal officer sued must be "ministerial, plainly defined and peremptory." *Jeno's Inc. v. Commissioner of Patents and Trademarks*, 498 F. Supp. 472, 476 (D. Minn. 1980). The act sought to be compelled must be "a clear nondiscretionary duty." *Pittston Coal Group v. Sebben*, 109 S. Ct. 414, 424 (1988); *accord Nova Stylings, Inc. v. Ladd*, 695 F.2d 1179 (9th Cir. 1983); *Welch v. Donovan*, 551 F. Supp. 809 (D.D.C. 1982). "It is well settled that a writ of mandamus is not available to compel discretionary acts." *Cox v. Secretary of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citations omitted). Further, decisions to investigate alleged crimes are discretionary. *See, e.g.*, *Gant v. F.B.I.*, 992 F. Supp. 846 (S.D. W.Va. 1998) ("The FBI's decision to investigate a complaint is not a mandatory or ministerial obligation . . . so plainly prescribed as to be free of doubt.")

Here, Plaintiff seems to allege that various officials of the Catholic Church and the Jesuits have violated the Logan Act by not registering as foreign agents. Plaintiff seems to request that this Court issue a writ compelling the Federal Defendants to either prevent this behavior or cease conspiring with these foreign agents. As the Logan Act does not provide a

7

private right of action and Plaintiff has not demonstrated that no other adequate remedy is available, Plaintiff has failed to establish either an injury in fact or redressability by this Court. Thus, Plaintiff lacks standing and his complaint should be dismissed.

Additionally, this Court cannot compel an investigation or criminal prosecution for purported violations of the Logan Act as this duty is left to the sole discretion of the Executive Branch. *See, e.g.*, *Drake v. F.A.A.*, 291 F.3d 59, 70 (D.C. Cir. 2002) (dismissing civil action where relief requested was criminal investigation by agency with "prosecutorial discretion") (citing *Heckler v. Chaney*, 470 U.S. 821, 830 (1985); *Block v. SEC*, 50 F.3d 1078, 1082 (D.C. Cir. 1995)). Thus, as this Court lacks the capacity to compel any of the Federal Defendants to institute a criminal investigation, Plaintiff's claims for violations of the Logan Act should be dismissed.

        C.        <u>Plaintiff Fails to Satisfy the Rule 8 Pleading Requirements</u>

Plaintiff's *pro se* complaint fails to state a claim even under the liberal pleading standards of Fed. R. Civ. P. 8(a). As noted above, it is well established that even *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Banks v. Gonzales*, 496 F. Supp. 2d 146, 149 (D.D.C. 2007) (citing *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987)). "Even under liberal notice pleading standards, a complaint may be dismissed if it does not articulate a factual or legal basis for relief." *Id.* (citations omitted). Rule 8(a) requires that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* This rule "accords the plaintiff wide latitude in framing his claims for relief." *Brown v. Califano*, 75 F.R.D. 497, 499 (D.D.C. 1977). The purpose of the rule is to give "fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a

8

responsive answer, prepare an adequate defense and determine whether the doctrine of *res judicata* is applicable." *Id.* at 498. "A *pro se* complaint like any other, must present a claim upon which relief can be granted by the court." *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981).

Plaintiff's pleading fails to meet the minimum requirements of even a *pro se* pleading. The complaint fails to allege sufficient facts that would give Defendant notice as to any possible cause of action or law allegedly at issue. *See Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111 (D.C. Cir. 2000) (Plaintiff need not plead a prima facie case but under Rule 8, he is required to give the defendants fair notice of each claim and its basis) (citations omitted). Therefore, Plaintiff's complaint should be dismissed pursuant to Fed. R. Civ. P. 8(a) & 12(b)(6).

### D. Federal Defendants Have Not Waived Sovereign Immunity

Plaintiff is apparently seeking damages for alleged torts against federal agencies and federal employees in their official capacities. Such claims are barred by the doctrine of sovereign immunity as Plaintiff is seeking to impose liability on the United States. "The Federal Government can only be sued insofar as it has agreed to be sued." *Epps v. U.S. Atty. Gen.*, 575 F. Supp. 2d 232, 238 (D.D.C. 2008) (citing *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994)). "'Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.'" *Id.* (quoting *Meyer*, 510 U.S. at 475); *see also United States v. Nordic Village*, 503 U.S. 30 (1992)). The doctrine of sovereign immunity bars suit for money damages against federal officials in their official capacities absent a specific waiver by the Federal Government. *Clark v. Library of Congress*, 750 F.2d 89, 102-03 (D.C. Cir. 1984).

Where a plaintiff seeks monetary damages against a federal agency for certain torts committed by federal employees, the only possible basis for subject matter jurisdiction for this

9

Court would be the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b). *Epps*, 575 F. Supp. 2d at 238. The FTCA is unavailable to Plaintiff, however. Like the Plaintiff in *Epps*, Plaintiff fails to "assert that he has exhausted necessary administrative remedies under the FTCA, which is a mandatory prerequisite . . . ." *Id.* (citing *GAF Corp. v. United States*, 818 F.2d 901, 904-05 (D.C. Cir. 1987)). Further, the FTCA does not provide a waiver of sovereign immunity for alleged constitutional torts, which Plaintiff may be alleging here, even if there were exhaustion of the requisite administrative process. *Id.* (citing *F.D.I.C. v. Meyer*, 510 U.S. at 477-78; *Clark*, 750 F.2d at 102-104); *see also Roum v. Bush*, 461 F. Supp. 2d 40, 45 (D.D.C. 2006).

In *Roum*, the plaintiff alleged that there was "an intricate plot by various agencies and officials of the federal government to kidnap, torture, and kill" the plaintiff. 461 F. Supp. 2d at 42. The government, among other things, allegedly kept plaintiff under "constant surveillance," broke into his apartment and poisoned his belongings, made false accusations of being a terrorist against him, and spied on him and other U.S. citizens. *Id.* The plaintiff sought injunctive relief and $875 million in damages. *Id.* Judge Collyer, upon consideration of a motion to dismiss the plaintiff's complaint, held that the plaintiff could not establish a valid waiver of sovereign immunity as he could not make out a claim as a matter of law, even under the FTCA. *Id.* at 46. Further, Judge Collyer stated that even if the plaintiff could make out a claim under the FTCA, the Court would still dismiss the claim as "fundamentally incredible" as "[u]nder Rule 12(b)(1), federal courts lack jurisdiction over claims that are 'so attenuated and unsubstantial as to be absolutely devoid of merit,'" *id.* (quoting *Hagans*, 415 U.S. at 536), and "[c]omplaints that are comprised of 'fanciful claims' and 'bizarre conspiracy theories' are generally subject to dismissal on that basis." *Id.* (quoting *Bestor v. Lieberman*, No. 03-1470, 2005 WL 681460, at *1 (D.D.C. Mar. 11, 2005) (additional citation omitted).

Here, this Court cannot exercise jurisdiction over Plaintiff's claims as Plaintiff has not demonstrated a valid waiver of sovereign immunity. Plaintiff's only possible avenue of relief, the FTCA, is closed due to his failure to follow the correct administrative procedures and the fact that the FTCA does not waive immunity for the type of constitutional torts that Plaintiff seems to allege. Finally, as noted above, Plaintiff's claims are comprised of "fanciful" and "bizarre conspiracy theories" that "are generally subject to dismissal." *Id.* Thus, Plaintiff's complaint should be dismissed.

E. Plaintiff Is Not Entitled to Any Injunctive Relief

Plaintiff seems to allege that he is entitled to some sort of injunctive relief. Plaintiff has failed to demonstrate a valid waiver of sovereign immunity and therefore any claims for injunctive relief should be dismissed. Plaintiff's only potential argument for waiver of sovereign immunity for injunctive relief is the Administrative Procedure Act ("APA"), 5 U.S.C. § 702 *et seq.* Plaintiff, however, has failed to allege a final action by a federal agency that would provide Plaintiff a right of action. *See, e.g.*, *Coalition for Underground Expansion v. Mineta*, 333 F.3d 193, 196-97 (D.C. Cir. 2003) (affirming district court's dismissal of complaint for lack of standing where plaintiff could not demonstrate final agency action for purposes of APA waiver of sovereign immunity). Plaintiff's nebulous allegations related to supposed interactions between the Federal Defendants and the Roman Catholic Church do not demonstrate a final agency action that could possibly be reviewable under the APA. Thus, any claims for injunctive relief against the Federal Defendants should be dismissed.

F. Plaintiff Has Failed to State a Claim for Civil Conspiracy

In his complaint, Plaintiff quotes from Section 1985 of Title 42 of the United States Code. (*See* Compl. at 2.) Should the Court deem this quotation an attempt to allege a claim

pursuant to the statute, Plaintiff has failed to state a claim as a matter of law. To state a claim under Section 1985(3), plaintiff's complaint must allege (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. *Hairston v. Dist. of Colum.*, 638 F. Supp. 198 (D.D.C. 1986) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971); *Hobson v. Wilson*, 737 F.2d 1, 14 (D.C. Cir. 1984)). Further, to maintain a claim under Section 1985(3) the plaintiffs must allege "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Williams v. Savage*, 538 F. Supp. 2d 34, 43 (D.D.C. 2008) (dismissing claim pursuant to Section 1985 where plaintiff alleged conspiracy against plaintiff based upon race and religion) (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)); *see also Lewis v. Bayh*, 577 F. Supp. 2d 47, 56 (D.D.C. 2008) ("[P]laintiff's far-flung conspiracy of wildly disconnected events . . . fails to provide any facts consistent with his allegations . . . [and] fails to connect the defendant to the plaintiff's alleged harm."). Plaintiff's claim fails for several reasons.

First, as noted above, Plaintiff's allegations are so fanciful and bizarre that they deprive this Court of jurisdiction. Second, Plaintiff has failed to sufficiently allege a civil conspiracy among the Federal Defendants (none of whom is sued in his or her individual capacity) and the other defendants. Instead, in his prolix complaint, Plaintiff makes vague and conclusory allegations related to what the Federal Defendants and the other defendants have done to perpetuate some of the greatest tragedies in human history, but fails to demonstrate how there

was ever an "agreement" that could constitute a conspiracy. *McManus v. Dist. of Colum.*, 530 F. Supp. 2d 46 (D.D.C. 2007); *see also Lewis*, 577 F. Supp. 2d at 56.

In *McManus*, Judge Kollar-Kotelly examined various claims brought by employees of the District of Columbia who alleged that they were disabled. *Id.* at 53-55. While the plaintiffs made various allegations of the defendants forming an agreement to create a "maze of . . . policies and procedures" that prevented the plaintiffs from obtaining adequate health care, Judge Kollar-Kotelly held that these allegations "fail[ed] to [rise] . . . beyond the speculative and into the level of plausible." *Id.* at 75. As the plaintiffs failed "to allege 'the existence of any events, conversations, or documents indicating that there was ever an agreement or "meeting of the minds" between any of the defendants' to violate [p]laintiffs' due process rights or any other civil or constitutional rights," the plaintiffs' conspiracy count "boil[ed] down to a conclusory and purely speculative assertion that [d]efendants entered into a conspiracy" and therefore warranted dismissal. *Id.*

Here, Plaintiff's recitation of the statute coupled with his bizarre and conclusory allegations do not state a claim for civil conspiracy. Thus, Plaintiff's complaint should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the complaint be dismissed. A proposed order is attached.

Respectfully submitted,

_____
CHANNING D. PHILLIPS, D.C. Bar # 415793
Acting United States Attorney

13

   /s/
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

   /s/
WYNNE P. KELLY
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 305-7107
wynne.kelly@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of September 2009, a true and correct copy of the foregoing Federal Defendants' Motion to Dismiss and Opposition to Plaintiff's Motion for Preliminary Injunction, Memorandum of Points and Authorities, and a proposed order were served upon *pro se* plaintiff by first class United States mail, postage prepaid marked for delivery to:

Christopher Strunk
593 Vanderbilt Avenue #281
Brooklyn, New York 11238

                                       /s/
                                       WYNNE P. KELLY
                                       Assistant U.S. Attorney