UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTOPHER EARL STRUNK, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NEW YORK PROVINCE OF THE )<br>SOCIETY OF JESUS, *et al.*, )<br>)<br>Defendants. ) | Civil Action No. 09-1249 (RJL) |

## MEMORANDUM OPINION

This matter is before the Court on defendants' motions to dismiss. For the reasons discussed below, the motions will be granted and this action will be dismissed.

### I. BACKGROUND

Plaintiff's complaint is far from the short and plain statement called for in the Federal Rules of Civil Procedure. It does not simply state the grounds upon which the court's jurisdiction depends, a claim showing that plaintiff's entitlement to relief, and a demand for judgment for the relief sought. *See* Fed. R. Civ. P. 8(a). Rather, it is a verbose, disorganized, and confused collection of conclusory statements in the guise of a verified complaint with a petition for mandamus.

Plaintiff appears to assert that elected officials in the State of New York and New York City, as well as federal government agencies and officials, are acting in association with or under the direction of the Roman Catholic Church, the Society of Jesus,[1] and the Sovereign Military

---

[1] Founded by St. Ignatius of Loyola, the Society of Jesus is a religious order in the
(continued...)

Order of Malta.² Because the members of these organizations have sworn an oath to the Pope, plaintiff alleges that they cannot simultaneously uphold the United States Constitution. Further, plaintiff appears to allege that the named defendants essentially are acting as agents of a foreign government, presumably the Vatican, in violation of the Logan Act, *see* 18 U.S.C. § 953.³ These circumstances allegedly cause plaintiff and the citizens of New York unspecified "collective spiritual and individual temporal injuries," Compl. at 1 (introductory paragraph), and denies them a republican form of government. *Id.* Plaintiff demands a declaratory judgment and injunctive relief generally to enjoin the Society of Jesus and the Sovereign Military Order of Malta from

---

¹(...continued)
Catholic Church and is organized world-wide in 85 administrative units called provinces, the order is led by a Superior General in Rome. In the United States, there are 10 provinces. These make up what is known as the American Assistancy, headquartered at the Jesuit Conference in Washington, DC. *See* http://www.jesuit.org (follow "FAQs" hyperlink); http://nysj.org (follow "Who We Are" hyperlink, then follow "The Society of Jesus" hyperlink).

² The Order of Malta officially is called the Sovereign Military Hospitaller Order of St. John of Jerusalem of Rhodes and of Malta, and common abbreviations are the Sovereign Military Order of Malta, the Sovereign Order of Malta, and the Order of Malta. Its members are commonly known as the Knights of Malta. *See* http://www.orderofmalta.org (follow "English" hyperlink, then follow "Names of the Order" hyperlink)

³ In relevant part, the Logan Act provides:

> Any citizen of the United States, wherever he may be, who, without authority of the United States, directly or indirectly commences or carries on any correspondence or intercourse with any foreign government or any officer or agent thereof, with intent to influence the measures or conduct of any foreign government or of any officer or agent thereof, in relation to any disputes or controversies with the United States, or to defeat the measures of the United States, shall be fined under this title or imprisoned not more than three years, or both.

18 U.S.C. § 953.

conducting unspecified activities until such time as an appointed special master can assess the damages caused by their failure to comply with federal and New York State law.

## II. DISCUSSION

### A. Dismissal Under Rule 12(b)(1) for Lack of Standing

"Three inter-related judicial doctrines – standing, mootness, and ripeness, ensure that federal courts assert jurisdiction only over 'Cases' and 'Controversies.'" *Worth v. Jackson*, 451 F.3d 854, 855 (D.C. Cir. 2006).[4] A core element of Article III's case-or-controversy requirement is that a plaintiff have standing to sue. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). To satisfy this burden, "[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright*, 468 U.S. 737, 751 (1984). Thus, a party has standing if his claims "spring from an 'injury in fact' – an invasion of a legally protected interest that is 'concrete and particularized,' 'actual or imminent' and 'fairly traceable' to the challenged act of the defendant, and likely to be redressed by a favorable decision in the federal court." *Navegar, Inc. v. United States*, 103 F.3d 994, 998 (D.C. Cir. 1997) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. at 560-61). "[T]hroughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)). If, at any time, the Court determines that it lacks subject matter jurisdiction, the action must be dismissed. Fed. R. Civ. P. 12(h).

---

[4] The judicial doctrines of mootness and ripeness are not relevant to this case.

Insofar as plaintiff brings a claim under the Logan Act, the Court concludes that he lacks standing to do so. Only the United States Department of State is aggrieved by a violation of the Logan Act, *see ITT World Comm'cns, Inc. v. Fed. Comm'cns Comm'n*, 699 F.2d 1219, 1231 (D.C. Cir. 1983), *rev'd on other grounds*, 466 U.S. 463 (1984), and plaintiff cannot demonstrate an injury suffered due to defendants' Logan Act violation that affects him "in a personal and individual way." *Lujan v. Defenders of Wildlife*, 504 U.S. at 560 n.1.

Nor does plaintiff have standing to bring a claim that defendants' actions deprive him of a republican form of government. The Supreme Court has "consistently held that a plaintiff raising only a generally available grievance about government – claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large – does not state an Article III case or controversy." *Lujan v. Defenders of Wildlife*, 504 U.S. at 573-74. Where, as here, "[p]laintiff's stake is no greater and his status no more differentiated than that of millions of other voters[,] . . . his harm is too vague and its effects too attenuated to confer standing on any and all voters." *Berg v. Obama*, 574 F. Supp. 2d 509, 519 (E.D. Pa. 2008), *aff'd*, 586 F.3d 234 (3d Cir. 2009); *see Hooker v. Sasser*, 893 F. Supp. 764, 767 (M.D. Tenn. 1995) ("The Court finds that the plaintiffs' allegations of diluted voting power [and] denial of undivided loyalty . . . do not identify any 'concrete and particularized' injury which they have suffered or will suffer because of the defendants' conduct.").

The Court concludes that plaintiff cannot establish an injury in fact, that he is without standing to bring his claims, and that this Court lacks jurisdiction to hear this matter. *See Cohen v. Obama*, No. 08-2150, 2008 WL 5191864 (D.D.C. Dec. 11, 2008) (dismissing for lack of

standing, among others, claims that the Secretary of State wrongly issued then-Senator Barack Obama a passport, that the Department of Homeland Security failed to arrest him for illegally entering the country, resulting in plaintiff's disenfranchisement), *aff'd*, 332 Fed. Appx. 640 (D.C. Cir. 2009) (per curiam); *Berg v. Obama*, 574 F. Supp. 2d at 519 (dismissing Natural Born Citizen Clause claim because plaintiff, described as a life-long member of the Democratic Party, lacked standing); *Robinson v. Bowen*, 567 F. Supp. 2d 1144, 1146 (N.D. Cal. 2008) (denying preliminary injunction for petitioner, "a mere candidate hoping to become a California elector pledged to an obscure third-party candidate whose presidential prospects are theoretical at best," whose alleged harm "is not only speculative but also merely derivative of the prospects of his favored obscure candidate"); *Hooker v. Sasser*, 893 F. Supp. at 767 (dismissing for lack of standing the plaintiff's claim that other candidates' acceptance of campaign contributions from non-Tennessee citizens prevented "his qualifications as a candidate for the office of United States Senator from being judged solely and exclusively by Tennessee citizens"); *see also Warth v. Seldin*, 422 U.S. 490, 499 (1975) ("[W]hen the asserted harm is a 'generalized grievance' shared in substantially equal measure by all or a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction.").

### B. Plaintiff Is Not Entitled to Mandamus Relief

"[T]he writ of mandamus is an extraordinary remedy, to be reserved for extraordinary situations." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988) (citation omitted). Mandamus relief is proper only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." *Council of and for the Blind of Delaware County Valley v. Regan*, 709 F.2d 1521,

1533 (D.C. Cir. 1983) (en banc). "[T]hose those invoking the court's mandamus jurisdiction must have a "clear and indisputable" right to relief; and even if the plaintiff overcomes all these hurdles, whether mandamus relief should issue is discretionary." *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (citation omitted). "In order for there to be a 'duty owed to the plaintiff' within the meaning of [28 U.S.C.] § 1361, there must be a 'mandatory or ministerial obligation [because if] the alleged duty is discretionary or directory, the duty is not 'owed.'" *Stamper v. United States*, No. 1:08 CV 2593, 2008 WL 4838073, at *3 (N.D. Ohio Nov. 4, 2008).

Plaintiff appears to request the issuance of a writ of mandamus to enforce the Logan Act, a provision in the federal criminal code. In the Attorney General the United States Constitution vests the power to conduct criminal litigation on the federal government's behalf. 28 U.S.C. § 516; *see United States v. Nixon*, 418 U.S. 683, 694 (1974). "[T]he question of whether and when prosecution is to be instituted is within the discretion of the Attorney General[,]" and [m]andamus will not lie to control the exercise of this discretion." *Powell v. Katzenbach*, 359 F.2d 234, 234-35 (D.C. Cir. 1965) (per curiam), *cert. denied*, 384 U.S. 906 (1966); *see Stamper v. United States*, 2008 WL 4838073, at *3 ("Mandamus cannot be used to compel the Attorney General or the United States Attorney to conduct investigations or prosecute alleged civil rights violations."). Plaintiff does not demonstrate that the named defendants owe him a duty to act, and, therefore, he is not entitled to mandamus relief.

III. CONCLUSION

For the reasons stated above, defendants' motions to dismiss will be granted, and this civil action will be dismissed for lack of subject matter jurisdiction. An Order accompanies this Memorandum Opinion.

DATE: 3/8/10

RICHARD J. LEON
United States District Judge